Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
Joung H. Yim, Bar No. 216136
jyim@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant ALEX DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| STEVE HOBB, | Case No.:  5:16-cv-01352 AB (JCx) |
|---|---|
| Plaintiff, | Complaint Filed: June 23, 2016<br>FAC Filed: August 8, 2016 |
| v. | |
| CITY OF BANNING, a public and/or municipal corporation; BANNING POLICE DEPARTMENT, a public agency and/or municipal corporation; ALEX DIAZ, individually and as Police Chief; DON PETERSON, individually; and DOES 1 THROUGH 10, | **DEFENDANT ALEX DIAZ'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendant. | |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendant Alex Diaz (Defendant) answers the First Amended Complaint (FAC) of Plaintiff Steve Hobb as follows:

**I. PREFATORY**

1. Answering paragraph 1 of the FAC, Defendant denies each and every allegation contained therein.

**II. JURISDICTION AND VENUE**

2. Answering paragraph 2 of the FAC, Defendant admits that the Court

1

1  has subject matter jurisdiction to hear this action pursuant to Title 28 United States
2  Code section 1343(3) and that venue is proper in the Central District of California.
3  Except as expressly admitted herein, Defendant denies the remaining allegations
4  contained in paragraph 2 of the FAC.

### III. PARTIES

1.[1]  Answering paragraph 1 of the FAC, Defendant admits the allegations in this paragraph.

2.  Answering paragraph 2 of the FAC, Defendant admits that City of Banning is a public agency and the Banning Police Department is a department of the City. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 2 of the FAC.

3.  Answering paragraph 3 of the FAC, Defendant admits that he is the Police Chief for the City of Banning Police Department. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 3 of the FAC.

4.  Answering paragraph 4 of the FAC, Defendant admits that Don Peterson is a member of the City Council for the City of Banning. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 4 of the FAC.

5.  Answering paragraph 5 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

6.  Answering paragraph 6 of the FAC, Defendant denies each and every allegation contained therein.

7.  Answering paragraph 7 of the FAC, Defendant admits that Plaintiff was terminated from his employment. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 7 of the FAC.

---

[1] In remaining consistent with the FAC, the paragraph numbers – although out of sequence – reflects the paragraph numbers in the FAC.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8. Answering paragraph 8 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

9. Answering paragraph 9 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

10. Answering paragraph 10 of the FAC, Defendant denies each and every allegation contained therein.

11. Answering paragraph 11 of the FAC, Defendant denies each and every allegation contained therein.

## IV. FACTS COMMON TO ALL COUNTS

12. Answering paragraph 12 of the FAC, Defendant denies each and every allegation contained therein.

13. Answering paragraph 13 of the FAC, Defendant admits that Plaintiff was a Board Member of the Banning Police Officers' Association. With respect to any remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every remaining allegation contained in paragraph 13.

14. Answering paragraph 14 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained in paragraph 14.

15. Answering paragraph 15 of the FAC, Defendant denies each and every allegation contained therein and is without sufficient knowledge or information to form a belief as to the truth of the allegations.

16. Answering paragraph 16 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained in paragraph 16.

17. Answering paragraph 17 of the FAC, Defendant admits that Plaintiff was demoted. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 17 of the FAC.

18. Answering paragraph 18 of the FAC, Defendant denies each and every allegation contained therein.

19. Answering paragraph 19 of the FAC, Defendant denies each and every allegation contained therein.

20. Answering paragraph 20 of the FAC, Defendant denies each and every allegation contained therein.

21. Answering paragraph 21 of the FAC, Defendant admits that Plaintiff filed a complaint with HR on or about November 9, 2014. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 21 of the FAC.

22. Answering paragraph 22 of the FAC, Defendant admits that Plaintiff was placed on paid administrative leave. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 22 of the FAC.

23. Answering paragraph 23 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained in paragraph 23.

## V. CAUSE OF ACTION

24. Answering paragraph 24 of the FAC, Defendant incorporates paragraphs 1 through 23 of this Answer, inclusive, as though set forth fully herein, and similarly deny each and every allegation that was denied therein.

25. Answering paragraph 25 of the FAC, Defendant admits that Plaintiff was terminated from his employment. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 25 of the FAC.

26. Answering paragraph 26 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

27. Answering paragraph 27 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

28. Answering paragraph 28 of the FAC, Defendant denies each and every allegation contained therein.

29. Answering paragraph 29 of the FAC, Defendant admits that Plaintiff's claim for damages was rejected. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 29 of the FAC.

30. Answering paragraph 30 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

31. Answering paragraph 31 of the FAC, Defendant denies each and every allegation contained therein and the paragraph sets forth legal conclusions.

## VI. SECOND CAUSE OF ACTION

32-41. Answering paragraphs 32-41, Defendant need not answer because the City of Banning was dismissed as a defendant in the Court's March 29, 2017 ruling on the motion to dismiss. Accordingly, Defendant denies each and every allegation in paragraphs 32-41.

## VII. PRAYER

42. Answering Plaintiff's prayer for relief, Defendant denies generally and specifically that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 5 of the FAC.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Sufficient Facts to Constitute a Cause of Action)

43. As a first separate and affirmative defense, the FAC, and each and every cause of action alleged therein, fail to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Exhaustion)

44. As a second separate and affirmative defense, Plaintiff's causes of action are barred because Plaintiff has failed to exhaust internal and/or external administrative or judicial remedies available to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitation)

45. As a third separate and affirmative defense, the FAC, and each and every cause of action alleged therein, are barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

(Legitimate Business Reason)

46. As a fourth separate and affirmative defense, the FAC, and each and every cause of action alleged therein, are barred on the ground that Defendant had legitimate business reasons, which were not a pretext for taking certain employment actions, including termination from employment.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

47. As a fifth separate and affirmative defense, the FAC, and each and every cause of action alleged therein, are barred or recovery limited or excluded by reason of Plaintiff's failure to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

(Privileges and Immunities)

48. As a sixth separate and affirmative defense, the FAC, and the cause of action alleged therein, are barred by the privileges and immunities applicable to public employees and agencies, including, but not limited to, California Government Code sections 815, 815.2, 815.6, 818.2, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.6, 822.2, and/or qualified immunity under 42 U.S.C. §1983.

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

49. As a seventh separate and affirmative defense, the FAC, and the cause of action alleged therein, are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

50. As an eighth separate and affirmative defense, the FAC, and the cause of action alleged therein, are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

51. As a ninth separate and affirmative defense, the FAC, and the cause of action alleged therein, are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

52. As a tenth separate and affirmative defense, if Plaintiff were entitled to recover for any loss suffered or sustained at the times alleged, although such is not admitted hereby or herein, then the total amount of damage as to which Plaintiff would otherwise be entitled shall be limited by after-acquired evidence of misconduct which would have resulted in adverse action or discipline, through termination.

## ELEVENTH AFFIRMATIVE DEFENSE

(Compliance with Applicable Law)

53. As an eleventh separate and affirmative defense, at all times mentioned in the FAC, these answering Defendant acted in conformity with applicable constitutional law, regulation, policy, and all other laws.

## TWELFTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

54. As a twelfth separate and affirmative defense, the FAC, and all causes of action alleged therein, are barred by the doctrine of res judicata/collateral estoppel.

DEFENDANT ALEX DIAZ'S ANSWER TO FIRST AMENDED COMPLAINT

8116848.1 BA060-035

### THIRTEENTH AFFIRMATIVE DEFENSE

(Judicial Estoppel)

55. As a thirteenth separate and affirmative defense, the FAC, and all causes of action alleged therein, are barred by the doctrine of judicial estoppel.

### FOURTEEN AFFIRMATIVE DEFENSE

(Qualified Immunity)

56. As a fourteenth separate and affirmative defense, Defendant avers that Plaintiff's allegations fail to the extent that they are precluded under the doctrine of Qualified Immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

57. As a fifteenth separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to punitive damages against him and that at all times relevant, Defendant's acts or omissions were not willful and/or were not committed with oppression, fraud, or malice.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's FAC and each cause of action therein be dismissed with prejudice;

2. That Plaintiff take nothing by way of the FAC and that judgment be rendered in favor of Defendant;

3. That Defendant be awarded their attorneys' fees and costs of suit incurred herein; and,

/ / /

/ / /

/ / /

/ / /

4. For such other and further relief as the Court deems just and proper.

Dated: April 12, 2017

LIEBERT CASSIDY WHITMORE

By: */s/ Joung H. Yim*
Geoffrey S. Sheldon
Joung H. Yim
Attorneys for Defendant ALEX DIAZ

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9
DEFENDANT ALEX DIAZ'S ANSWER TO FIRST AMENDED COMPLAINT
8116848.1 BA060-035