1  Geoffrey S. Sheldon, Bar No. 185560
   gsheldon@lcwlegal.com
2  Joung H. Yim, Bar No. 216136
   jyim@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
5  Telephone:  310.981.2000
   Facsimile:    310.337.0837
6
   Attorneys for Defendant ALEX DIAZ
7

8

9                UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

11  STEVE HOBB,                          Case No.:  5:16-cv-01352 AB (JCx)

12            Plaintiff,                 Complaint Filed: June 23, 2016
                                         FAC Filed: August 8, 2016
13       v.
    CITY OF BANNING, a public            **UPDATED JOINT RULE 26(f)**
14  and/or municipal corporation;        **REPORT**
    BANNING POLICE
15  DEPARTMENT, a public agency          Scheduling Conference: 05/22/2017
    and/or municipal corporation; ALEX   Time: 10:00 a.m.
16  DIAZ, individually and as Police     Courtroom:  4, 2nd Floor
    Chief; DON PETERSON,                             312 N. Spring Street
17  individually; and DOES 1                         Los Angeles, CA  90012
    THROUGH 10,
18            Defendants.

19

20       Plaintiff Steve Hobb and Defendant Alex Diaz, by and through their

21  respective counsel, do hereby submit this Joint Report of Counsel.

22       Counsel met and conferred on October 12, 2016 and on April 24, 2017.

23  a.) **Statement of the Case**

24   Plaintiff's Statement

25       Plaintiff generally alleges that as a result of his whistle blowing activities that

26  he was targeted by The Defendant. Plaintiff exposed cronyism, the Defendant's

27  cover-up of a Civil Rights Violation, several quid pro quo arrangements.

28  Defendant terminated his employment in an effort to hinder Hobb from bringing

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    these and multiple other wrongdoings to light, and as he was on verge of exposing

2    an egregious cover up by the Defendant regarding a civil rights violation committed

3    on a citizen.

4         Defendant's Statement

5         The operative complaint alleges one claim for relief, i.e., a First Amendment

6    retaliation claim under 42 U.S.C. section 1983 against the Defendant. Plaintiff

7    claims that he was subjected to several adverse employment actions and ultimately

8    terminated in retaliation for exercising his protected activities.

9         Defendant denies Plaintiff's allegations.  Specifically, Defendant denies that

10   Hobb suffered any adverse employment actions that were motivated by his exercise

11   of his First Amendment rights.  To the extent Hobb suffered any adverse

12   employment actions – including his termination from employment, it was due to

13   legitimate, non-retaliatory business reasons having nothing to do with any

14   purported protected activities.

15        Based on the Court's ruling on Defendant's Motion to Dismiss, any claims

16   based on alleged retaliatory acts occurring before June 2014 are time barred. The

17   City and individual defendant Don Peterson were dismissed.

18   b.) **Subject Matter Jurisdiction**

19        Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, Federal

20   Question Jurisdiction based upon Hobb's First Amendment claim.

21   c.) **Legal Issues**

22        Plaintiff

23        Plaintiff contends that the legal issues in this case to be decided are whether

24   The Defendant deliberately harassed, discriminated and retaliated against Plaintiff

25   which ultimately resulted in his termination of employment.

26        Defendant

27        Defendant contends that the legal issues to be decided with respect to Hobb's

28   claim are whether Hobb engaged in protected speech or union activity, whether

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

8153276.1 BA060-035

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1   Hobb's purportedly protected activity was a substantial or motivating factor in any

2   adverse employment action(s), whether Defendant had legitimate, non-retaliatory

3   business reasons for any such adverse action(s) and would have taken the action(s)

4   even absent the protected activity.

5          Defendant further contends that the First Amended Complaint should be

6   dismissed because Plaintiff failed to exhaust his administrative and judicial

7   remedies before filing this suit in federal court.

8          d.) **Parties, Evidence, etc.**

9          Through their Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1),

10   the parties have identified several dozen current and former employees of Banning

11   who may have personal knowledge of the claims and defenses raised by the parties,

12   as well as additional percipient witnesses who may have knowledge.  The parties

13   have also identified documents, mainly consisting of Plaintiff's personnel file,

14   including all disciplinary related documents.

15          e.) **Damages**

16          Plaintiff seeks general, special, compensatory, statutory, exemplary, and

17   punitive damages; injunctive relief; costs; attorney's fees and interest.

18          The damage calculation should include all types of damages association with

19   the loss of his employment, including but not limited to, lost wages (back pay and

20   front pay), benefits (including loss of medical and other associated health related

21   benefits), pension benefits, and numerous other incidental and consequential

22   damages. Plaintiff is in the process of calculating his losses.

23          f.) **Insurance**

24          The City has insurance through the Employment Risk Management

25   Authority and the Public Entity Risk Management Authority.

26          g.) **Motions**

27          The parties do not currently anticipate any motions besides the dispositive

28   motion discussed below.

3

**h.)  Manual for Complex Litigation**

The parties agree this case is not complex.

**i.)  Status of Discovery**

The parties have made their Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1). Defendant has propounded and have received responses to written discovery. Plaintiff anticipates serving written discovery shortly. Plaintiff was deposed on January 6 and February 3, 2017.

**j.)  Discovery Plan**

Pursuant to Rule 26(f) and this Court's Order of July 26, 2016 and April 19, 2017, counsel for the parties certify that on October 12, 2016 and on April 24, 2017, they conferred by telephone to discuss the nature and basis of their clients' claims and defenses and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

- The parties shall make Rule 26(a)(1) disclosures by **October 26, 2016**.
- The issues on which the parties need to conduct discovery are:
  - Whether Hobb engaged in protected activity as alleged
  - Whether Hobb's purportedly protected activity was a substantial or motivating factor in any adverse employment action(s)
  - Whether Defendants had legitimate, non-retaliatory business reasons for any such adverse action(s) and would have taken the action(s) even absent the protected activity
- The parties shall have until **May 15, 2017** to move to amend pleadings to add claims or defenses, including claims for punitive damages.  The parties' motions to amend pleadings shall be heard by **June 14, 2017.**
- The parties shall have until **October 9, 2017** to schedule hearings for other non-dispositive motions (e.g, consolidation, bifurcation).
- The parties shall comply with the number limitations regarding the taking of depositions and the submission of interrogatories as set out in Rules 30 and

4

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    33 respectively of the Federal Rules of Civil Procedure.

2    k.) **Discovery Cut-Off**

3    The parties propose that the completion of fact discovery and the resolution

4    of all discovery motions occur by **August 18, 2017**.

5    l.)  **Expert Discovery**

6    The parties shall provide the names of expert witnesses and complete reports

7    under Rule 26(a)(2) as follows:

8    • The parties shall disclose their expert witnesses on or before **August 4,**

9    **2017.**

10   • The parties shall disclose rebuttal expert witnesses on or before **August**

11   **25, 2017**.

12   The parties shall have until **September 8, 2017** to complete discovery

13   depositions of expert witnesses.

14   m.)**Dispositive Motions**

15   The parties believe that liability in this case may be determined through a

16   motion for summary judgment.  The parties concur that each side should only be

17   permitted to bring one motion for summary judgment, but believe that it may be

18   meaningful towards the prompt resolution of this matter to allow cross-motions for

19   summary judgment in this case.  The parties shall confer no later than **September**

20   **11, 2017** regarding which, if any, party will be filing a motion for summary

21   judgment.  Motions for summary judgment will be heard no later than **October 16,**

22   **2017.**

23   n.) **Settlement/Alternative Dispute Resolution (ADR)**

24   Counsel have discussed between themselves and explored with their clients

25   early involvement in alternative dispute resolution.  The parties believe this case is

26   best suited for mediation through a settlement conference with a magistrate judge.

27   The parties further agree that mediation should take place on or before **December**

28   **1, 2017.**

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

5

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

o.) **Trial Estimate**

2

Trial of this case will be by jury.  The parties estimate that trial of this case

3

will take five (5) days.  Plaintiffs estimate that they will call **5-8** witnesses.

4

Defendant estimates that it will call **8-12** witnesses.

5

p.) **Trial Counsel**

6

Samantha M. Swanson will try the case on behalf of Plaintiff and Geoff S.

7

Sheldon and Joung H. Yim will try the case on behalf of Defendant.

8

q.) **Independent Expert or Master**

9

The parties believe this is not a case that would require the appointment of an

10

independent expert or special master.

11

r.)  **Timetable**

12

See attached Exhibit A (Schedule of Pretrial and Trial Dates).

13

Trial: January 16, 2018

14

Final Pretrial Conference: December 18, 2017

15

s.) **Other Issues**

16

None.

17

Dated:  May 8, 2017                                LIEBERT CASSIDY WHITMORE

18

19

20

By: */s/ Joung H. Yim*
    _____
    Geoffrey S. Sheldon
    Joung H. Yim
    Attorneys for Defendant ALEX DIAZ

21

22

23

Dated:  May 8, 2017                                ADAMS FERRONE & FERRONE

24

25

By: */s/ Samantha M. Swanson*
    _____
    Samantha M. Swanson
    Attorneys for Plaintiff, STEVE HOBB

26

27

28

6

8153276.1 BA060-035

# EXHIBIT A

## JUDGE ANDRÉ BIROTTE JR.
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:16-cv-01352 AB (JCx) | |
|---|---|---|
| Case Name | Steve Hobb v. City of Banning, et al. | |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [X] Jury Trial  *or*  [ ] Court Trial<br>(Tuesday at 8:30 a.m.)     Duration Estimate: __5__ Days | 01/16/18 | 01/16/18 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* (Monday at 11:00 a.m. -- <u>three (3)</u> weeks before trial date)<br><br>Motions *In Limine* must be filed <u>three (3) weeks</u> before this date; oppositions are due <u>two (2) weeks</u> before this date; no reply briefs. | 12/18/17 | 12/18/17 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings /Add Parties | | 06/14/17 | 06/14/17 | |
| Non−Expert Discovery Cut−Off (at least 4 weeks before last date to hear motions) | 18 | 08/18/17 | 08/18/17 | |
| Expert Disclosure (Initial) | | 08/04/17 | 08/04/17 | |
| Expert Disclosure (Rebuttal) | | 08/25/17 | 08/25/17 | |
| Expert Discovery Cut−Off | 14* | 09/08/17 | 09/08/17 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14** | 10/16/17 | 10/16/17 | |
| Last Date to Conduct Settlement Conference | 12 | 12/01/17 | 12/01/17 | |
| <u>For Jury Trial</u><br>• File Memorandum of Contentions of Fact and Law, LR 16−4<br>• File Exhibit and Witness Lists, LR 16−5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | 12/05/17 | 12/05/17 | |
| <u>For Jury Trial</u><br>• Lodge Pretrial Conference Order, LR 16−7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | 12/12/17 | 12/12/17 | |
| <u>For Court Trial</u><br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | | | |

\* The parties may choose to cut off expert discovery prior to MSJ briefing.
\*\* Motions for class certification shall be filed in accordance with Local Rule 23−3.

ADR [LR 16−15] Selection:

[ ] Attorney Settlement Officer Panel     [ ] Private Mediation     [X] Magistrate Judge (with Court approval)

**EXHIBIT A**